IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ABN AMRO BANK NV,

    Plaintiff,

v.                                                     CASE NO. 1:01-cv-00102-MP-AK

3 SIGMA INCORPORATED,
WILLIAM D CAMPBELL,

    Defendants.

_____/

## **O R D E R**

This matter is before the Court on Doc. 112, Plaintiff's Motion to Enforce Settlement Agreement and Doc. 118, Plaintiff's Motion to Vacate Order Dismissing Case under Fed. R. Civ. P. 60(b)(6). The defendants have responded, and the plaintiff has filed memoranda supporting the motions. For the reasons discussed below, the motions are denied.

On March 10, 2004, the parties agreed to the settlement of all outstanding claims in the underlying action. The terms of the agreement provided that 3 Sigma, Inc., would consent to the entry of a $500,000.00 judgment. In exchange therefore ABN AMRO Bank, N.V., agreed to assign notes executed by Scandinavian Ventures Group (SVG) in the amounts of 1.5 million dollars and 2.4 million dollars to 3 Sigma, Inc. In addition, Plaintiff was to assign the right of litigation initiated by ABN AMRO Bank, N.V., against SVG pending in Ghana and to cooperate in the substitution of 3 Sigma, Inc., in that action. In addition, Plaintiff agreed to dismiss all claims with prejudice against Defendant Campbell and execute mutual releases with Defendant Campbell.

In doc. 110, the parties then filed a Notice of Settlement, in which they represented that

settlement on all issues as to all parties had been reached at mediation. In doc. 110, the parties stated, "[t]he plaintiff agreed at mediation to prepare the necessary documents for this Court's review." Based on doc. 110, the Court entered the order at doc. 111 on April 13, 2004, dismissing the case with prejudice, closing the case, and retaining jurisdiction for 60 days to ensure that settlement was effected.

On December 13, 2004, well after the sixty-day retention of jurisdiction had passed, the plaintiff filed a motion to enforce the settlement agreement. In the motion, doc. 112, the plaintiff noted that settlement had occurred at mediation and that "[t]hereafter, Plaintiff sent Defendants the documents contemplated by the Settlement Agreement. However, there has been absolutely no communication with Defendants since they were provided with the settlement documents." Doc. 112, ¶3. The defendants responded, doc. 115, arguing that plaintiff did not first contact the defendants regarding the written settlement papers until 102 days after the order dismissing the case (doc. 111), despite several attempts by defendants to contact plaintiff. Additionally, defendants complained that plaintiff had not taken any of the steps discussed above, including the assignment of notes and substitution of 3 Sigma in the suit pending in Ghana. The defendants conclude that since the sixty days of retained jurisdiction have passed, the Court now lacks jurisdiction to enforce the never-signed Settlement Agreement.

The plaintiff filed a response (doc. 117), which put forward two main arguments. First, because the order at 111 retained jurisdiction to effectuate settlement, the plaintiff argues, "the parties' obligation to comply with the settlement agreement [became] part of the order of dismissal" doc. 117, p. 7. The plaintiff then points to language from cases that hold that when a court retains jurisdiction to enforce a settlement agreement, or incorporates the terms of a

settlement agreement in its order, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement exists.

This first argument fails, however, based on the very cases cited by plaintiff.  In Kokkonen v. Guardian Life Ins. Co. of America, the Supreme Court stated:

> Neither the Rule nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation. It must be emphasized that what respondent seeks in this case is enforcement of the settlement agreement, and not merely reopening of the dismissed suit by reason of breach of the agreement that was the basis for dismissal...Enforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.

511 U.S. 375, 378 (1994).  Here, by the time the plaintiff brought the motion now before the Court, the time of the Court's retention of jurisdiction had passed.  Thus, a separate action, with its own basis for jurisdiction, must be brought to enforce the settlement agreement.

The two exceptions to that rule do not apply in the instant case.  In Kokkonen the Supreme Court distinguished a case in which "[j]urisdiction was based upon the fact that the court, in a prior decree of foreclosure, had expressly reserved jurisdiction to adjudicate claims against the judicially conveyed property, and to retake and resell the property if claims it found valid were not paid."  As noted above, however, the Court's express reservation of jurisdiction had already expired by the time the plaintiff filed the motion at issue.

The second exception is when the Court expressly incorporates the language of a settlement agreement into the order.  The Kokkenen Court described the legal effect of a breach of the settlement agreement when the agreement had been incorporated into an order:

> In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.

Id. at 381. That scenario did not happen in this case. At the time of the Court's order, there was no settlement agreement written. Therefore there was nothing for the Court to incorporate. Moreover, the mere fact that the Court retained jurisdiction "to ensure that settlement is effected" is insufficient to make the terms of an still unexecuted settlement agreement part of the order. The retention of jurisdiction "to ensure settlement is effected" was expressly limited to sixty days. As the Kokkenen Court put it, "The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." Id. at 381.

In the alternative to the argument that the Court has jurisdiction to enforce the settlement agreement, the plaintiff makes its second argument, that the Court should merely vacate the order dismissing the case under Fed. R. Civ. P. 60(b)(6). That Rule states:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:...(6) any other reason justifying relief from the operation of judgment.

The Eleventh Circuit has called Rule 60(b)(6) "a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984). The problem in this case, however, is that a movant cannot rely upon Rule 60(b)(6) if his motion should have been brought pursuant to any of the first five subsections of Rule 60(b). The first five subsections of Rule 60(b) allow a court to relieve a party from a final judgment on several specified grounds, such as mistake or excusable neglect, newly discovered evidence, or fraud. See Fed.R.Civ.P. 60(b)(1)-(5). But, as the First Circuit stated in Paul Revere Variable Annuity Ins.,248 F.3d 1 (1st Cir. 2001), "Rule 60(b)(6) allows a court to relieve a party from a final judgment where such relief is appropriate to accomplish justice, but the reasons for that relief are not encompassed by the other provisions

of the rule."

Here, the plaintiff admitted in the hearing on these motions that he did not send the written documents to defendant until more than a month after the sixty day retention of jurisdiction had expired.  Plaintiff's only offered reason was that it had experienced personnel changes within its internal management.  Doc. 118, ¶¶ 6-7.  Thus, this argument fits more appropriately within the clause of Rule 60(b) that deals with excusable neglect.  Therefore, plaintiff must rely on that clause, rather than clause 60(b)(6).

The Court finds that the neglect in this case is not excusable neglect.  Personnel changes do not explain why plaintiff, through counsel, did not move for an extension of time, and why plaintiff did not respond to defendants' telephone calls during the sixty day period.  Because of this, the Court finds that justice does not require that this matter be reopened.  The plaintiff slumbered on its rights, not only by failing to submit the written documents as promised in the Notice of Settlement, but also by failing to expedite the involvement of 3 Sigma in the Ghana lawsuit, which has caused untold delay in defendants protecting their interests there.  Also, plaintiff has a remedy to enforce the settlement agreement – a separate action for breach of contract with its own basis for jurisdiction.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Doc. 112 and Doc. 118 are denied.  The motion to expedite, doc. 113, is denied as moot.

**DONE AND ORDERED** this  *1st*   day of November, 2005

>    *s/Maurice M. Paul*
> Maurice M. Paul, Senior District Judge